UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMANY TERRELL WATKINS,<br><br>                                  Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security[1],<br><br>                                  Defendant. | Case No.:   21-cv-101-BLM<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF No. 27]** |

Presently before the Court is Plaintiff's counsel's May 1, 2024, Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion") [ECF No. 27] and Defendant's May 15, 2024 response to Plaintiff's Motion ("Response"). ECF No. 29 For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

On January 19, 2021, Plaintiff filed his complaint appealing the final decision of the

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Fed. R. Civ. Proc. 25(d), Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this action. This action survives notwithstanding the party substitution. See 42 U.S.C. § 205(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

Commissioner of Social Security ("Defendant" or "Commissioner"). ECF No. 1. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. ECF No. 2. On January 28, 2021, the Court *sua sponte* dismissed Plaintiff's complaint for failing to state a claim for which relief may be granted, and the Court denied Plaintiff's motion for leave to proceed *in forma pauperis*. ECF No. 6. On February 5, 2021, Plaintiff amended his complaint. ECF No. 7.

On February 14, 2022, the parties filed a joint motion to remand this action to the Social Security Administration. ECF No. 22. On February 15, 2022, the Court granted the parties' joint motion for remand and judgment was entered in favor of Plaintiff and against Defendant. ECF No. 23.

On April 1, 2022, the parties file a Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920 wherein the parties requested that Plaintiff be awarded $4,000 in attorney's fees and $400.00 in costs. ECF No. 25. On April 12, 2022, the Court granted the joint motion and awarded Plaintiff $4,400 in fees and costs. ECF No. 26. Plaintiff was successful on remand as the Commissioner granted Plaintiff's application for benefits and awarded him approximately $125,271.72 in past due benefits. Motion at 4. The instant Motion ensued. Id.

## **PLAINTIFF'S POSITION**

Plaintiff seeks an order from the Court awarding attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $31,317.93 with a credit to Plaintiff for the EAJA fees previously paid in the amount of $4,000.00. Motion at 4-10. Plaintiff argues that the $31,317.93 request is reasonable in light of the work performed and the results achieved. Id. at 4-11. Plaintiff notes that his counsel spent 20.0 hours working on this case. Id. at 11; see also Declaration of Brian C. Shapiro in Support ("Shapiro Decl.") at ¶ 5. Plaintiff's counsel seeks 25% of the net payable past due benefits under the terms of the contingency fee agreement ($31,317.93 based on the $125,271.72 judgment). Id. at 4-11; see also ECF No. 19-2 ("Exhibit 1"). Plaintiff argues that his counsel's *de facto* hourly rate of $1,566 "does not amount to a windfall as a matter of law." Id. at 5.

**DEFENDANT'S POSITION**

Defendant states that it "neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." Response at 2. Defendant notes that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." Id. Defendant explains that "because the Commissioner has no direct financial stake in the request and acts in a role resembling that of a trustee for the claimants, the Commissioner neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." Id. at 4. Defendant notes "while Plaintiff was awarded EAJA fees, the U.S. Department of Treasury applied all of the EAJA payment to a delinquent debt.… In such situations, the attorney is not required to refund the funds that were not received to offset any § 406(b) attorney fee award." Id.

**LEGAL STANDARD**

Pursuant to Section 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant, … the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary, … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). When contemplating a fee motion under Section 406(b), the Court must first look to the contingency fee agreement and then test for reasonableness. See Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). To determine reasonableness, the Court may consider "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." Barry H. v. Kijakazi, 2023 WL 5985501, at *1 (S.D. Cal. Sept. 13, 2023) (quoting Avina v. Saul, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021)). The Court should also consider whether inferior representation justifies an award of less than 25% such as "any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are

out of proportion to time spent on the case; and the risk counsel assumed by accepting the case." Bartle v. Kijakazi, 2023 WL 5811845, at *1–2 (S.D. Cal. Sept. 7, 2023) (citing Crawford, 586 F.3d at 1151–52) (citing Gisbrecht, 535 U.S. at 789)).

When an attorney receives EAJA fees and 406(b) fees for the same work, he or she must refund the smaller award to his or her client. See Gisbrecht, 535 U.S. at 789.

## **ANALYSIS**

The Court finds that Plaintiff's fee request is reasonable. On July 11, 2019, Plaintiff entered into a Social Security Representation Agreement with counsel wherein he agreed that the fee for successful prosecution of this matter is a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court. Shapiro Decl. at ¶ 2; Exhibit 1. Accordingly, the contingency fee agreement is within the statutory ceiling. See 42 U.S.C. § 406(b)(1)(A). Because there is no evidence of "fraud or overreaching" in the negotiation of the Representation Agreement and because the fee agreement is within the statutory ceiling, the Court looks to the character of the representation and the results achieved to determine reasonableness. Crawford, 586 F.3d at 1145; see also Gisbrecht, 535 U.S. at 808.

Plaintiff's counsel did not render substandard representation or delay litigation. See Crawford, 586 F.3d at 1151–52. On January 12, 2022, Plaintiff's counsel filed a Motion for Summary Judgment. ECF No. 18. That motion was well written and persuasive because on February 14, 2022, the parties filed a Joint Motion for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and Entry of Judgment. ECF No. 22. On February 15, 2022, the Court granted the joint motion. ECF No. 13. On remand, Plaintiff's counsel achieved a fully favorable decision for his client and Plaintiff was granted $125,271.72 in retroactive disability benefits. Shapiro Decl. at ¶¶ 3-4, Exhibits 2-3. This is a successful result for Plaintiff that would not have been achieved with a substandard performance by his counsel.

The Court notes that counsel's *de facto* hourly rate of $1,566[2] is on the higher end,

---

[2] The *de facto* hourly rate is calculated by dividing the $31,317.93 fee requested by 20.0 hours [total hours worked].

however, several cases have found rates of $1300 - $1600 to be appropriate, including cases in this district. See Roland S. v. Kijakazi, 2023 WL 6966153, at *3 (S.D. Cal., Oct. 20, 2023) "[t]he de facto hourly rate is thus $1,438.35, which—although high, as discussed in further detail below—is in line with hourly rates approved by courts in similar cases, including in this district.") (citing Desiree D. v. Saul, 2021 WL 1564331, at *3 (S.D. Cal. Apr. 20, 2021) (approving a *de facto* hourly rate of $1,494.34); Martinez v. Saul, 2019 WL 3322481, at *2 (S.D. Cal. July 24, 2019) (approving a *de facto* hourly rate of $1,488.83); and Reddick v. Berryhill, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (approving a *de facto* hourly rate of $1,990 upon reconsideration after previously reducing the fee award to an effective hourly rate of $1,080.26). Plaintiff's counsel spent a reasonable amount of time – 20.0 hours of attorney and paralegal time - working on this matter to achieve a successful result. Shapiro Decl. at ¶ 5; Exhibit 4. Counsel has submitted a detailed billing statement in support of the requested fee that the Court has reviewed. Id. There is nothing in the billing statement showing "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Crawford, 586 F.3d at 1151–52. There also is no evidence or indication that Plaintiff's counsel's work was inferior, that he engaged in dilatory conduct, or that he delayed the proceedings to potentially incur more fees. Accordingly, none of the factors the Court considers for reasonableness favor reducing the fee award.

In further support of its finding, the Court notes that taking Plaintiff's case on a contingency basis created a substantial risk for Plaintiff's counsel of not recovering any attorney's fees. Plaintiff already had a negative decision from the ALJ when he sought review in this Court. While the hourly rate is high, the amount of the fees requested does not exceed the 25 percent statutory cap, Plaintiff filed no objection to the request, Defendant neither supports nor objects to the request, and counsel achieved excellent results for his client.

## CONCLUSION

Plaintiff's counsel bore the risk of a contingency fee arrangement, successfully got the matter remanded, received an order for retroactive benefits of $125,271.72 for his client, and seeks 25% of the past due benefits. Accordingly, the Court finds that a downward adjustment

of the requested fee is not appropriate, and **GRANTS** Plaintiff's motion for fees pursuant to 42 U.S.C. § 406(b). The Court awards Law Offices of Lawrence D. Rohlfing, Inc., CPC attorney fees in the amount of $31,317.93.

**IT IS SO ORDERED**.

Dated: 5/24/2024

Hon. Barbara L. Major
United States Magistrate Judge